# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 21-1280V
## Filed: April 30, 2026

|  |  |
|---|---|
| EVE Y. THAO,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Master Horner |

*Richard H. Moeller, Moore, Corbett, Moeller & Meis, LLP, Sioux City, IA, for petitioner.*
*Ryan Nelson, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On April 23, 2021, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("Vaccine Act"). (ECF No. 1.)  Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from her hepatitis B vaccination that she received on July 13, 2020.  (*Id*. at 1-2.)  On July 2, 2025, a decision was issued finding that petitioner is not entitled to compensation.  (ECF No. 83.)

On July 22, 2025, petitioner filed a motion seeking an award of attorneys' fees and costs.  (ECF No. 84.)  Petitioner seeks a total of $75,449.61, which includes $72,783.10 for attorneys' fees and $2,666.51 for attorneys' costs.  (*Id.* at 18; ECF No. 84-1, pp. 32-33; ECF No. 84-2, p. 2.)  The requested costs include a $2,000.00 retainer for the work of Marko Bodor, M.D.  (ECF No. 84-2, p. 2.)  Petitioner confirmed that she

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

did not incur any personal expenses.  (ECF No. 85-1, p. 1.)  In his response, respondent deferred to the court with respect to whether the statutory requirements for an award of attorneys' fees and costs have been met as well as with respect to the reasonable amount of any award of attorneys' fees and costs.  (ECF No. 88.)

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 300aa-15(e).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  Here, although petitioner did not prevail, I am satisfied that this case was brought in good faith and that the petition had a reasonable basis.

The billing records reflect that all work performed in this case was billed at hourly rates that have previously been accepted for this counsel.  Additionally, in the undersigned's experience, the request for attorneys' fees appears reasonable overall given the specific procedural history of this case.  The costs also appear to be reasonable and sufficiently documented.  Finally, pursuant to Vaccine Rule 13(a)(3), "[t]he failure of respondent to identify with particularity any objection to a request for attorney's fees and costs may be taken into consideration by the special master in the decision."  Here, respondent has not raised any objection with particularity.

Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards a lump sum of $75,449.61, representing reimbursement of attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel of record, Richard Moeller's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[3]


**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.